UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

WILLIAM HENRY, Jr.,

          Plaintiff,

v.                                     Civil Action No.  05-2084 (ESH)

UNITED STATES,

          Defendant.

## MEMORANDUM OPINION AND ORDER

Plaintiff William Henry, Jr. brings this suit for damages against the United States alleging violations of the Internal Revenue Code by agents of the Internal Revenue Service ("IRS") in the assessment and collection of taxes from him.  Currently before the Court is the government's Motion to Dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) and failure to state a claim under Fed. R. Civ. P. 12(b)(6), and plaintiff's Motion for Sanctions Under Fed. R. Civ. P. 11(b).  For the reasons discussed below, the Court will deny plaintiff's motion and dismiss the case without prejudice.

### BACKGROUND

Plaintiff is proceeding *pro se*.  He first filed his complaint on October 24, 2005.  Upon review of the complaint, the Court ordered plaintiff to show cause as to why venue was proper in the District of Columbia.  *Henry v. United States*, No. 05-2084, Order (D.D.C. Dec. 28, 2005).  Instead, plaintiff filed an unopposed Motion to Amend his complaint.  The amended complaint alleges that between 1997 and the present, "in connection with the collection of federal tax,"

agents of the Internal Revenue Service ("IRS") "recklessly, intentionally, or by reason of negligence disregarded [several] provisions" of the Internal Revenue Code, 26 U.S.C. §§ 1 *et seq*, and accompanying regulations.  (Am. Compl. ¶ 7.)  The government filed a Motion to Dismiss on January 27, 2006, arguing that plaintiff failed to exhaust his administrative remedies.  (Def.'s Mot. at 3.)  On January 30, 2006, the Court ordered plaintiff to respond to the government's motion by February 15, 2006 and to "explain how he 'exhausted all his administrative remedies,'" under the applicable regulations, including attaching any relevant documentation.  *Henry v. United States*, No. 05-2084, Order (D.D.C. January 30, 2006) (*hereinafter* "Jan. 30 Order") (quoting Pl.'s Aff. ¶ 10).  As required for *pro se* litigants under *Fox v. Strickland*, 837 F.2d 507 (D.C. Cir. 1988), the Court informed plaintiff that failure to respond could result the Court granting defendant's motion and dismissing the case.  Jan 30 Order at n.1. In response, plaintiff filed an Opposition to Defendant's Motion (Pl.'s Opp.) and a Motion for Sanctions ("Pl.'s Mot.") against the defense counsel, arguing that the Motion to Dismiss was frivolous, lacking good faith, and filed solely for purposes of delay.  (Pl.'s Mot. ¶ 1; Pl.'s Opp. ¶ 1.)  Plaintiff's opposition and his motion are virtually identical.[1]  After reviewing the filings of both parties, the Court finds that it lacks jurisdiction because plaintiff has failed to demonstrate compliance with the exhaustion requirements of the Internal Revenue Code and regulations promulgated pursuant thereto.

---

[1] The only difference between plaintiff's motion and opposition is the revision of paragraph 15 and the addition of paragraph 16 in the opposition, which incorporate legal citations not included in the motion.

## ANALYSIS

Plaintiff argues that jurisdiction properly lies in this Court under 26 U.S.C. § 7433, which provides:

> If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly, intentionally, or by reason of negligence, disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States.

26 U.S.C. § 7433(a). With respect to exhaustion, the statute states that "a judgment for damages shall not be awarded under [§ 7433] unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service." *Id*. § 7433(d)(1).

The IRS has established by regulation the procedure by which a taxpayer may pursue a claim under § 7433. *See* 26 C.F.R. § 301.7433-1. These regulations make clear that an "action for damages filed in federal district court may not be maintained unless the taxpayer has filed an administrative claim pursuant to . . . this section." *Id*. § 301.7433-1(a). In order to properly file his administrative claim, a taxpayer must write to the "Area Director, Attn: Compliance Technical Support Manager of the area in which the taxpayer currently resides." *Id*. § 301.7433-1(e)(1). The regulations spell out with specificity the information that must be provided to the Area Director, including, *inter alia*, the "grounds, in reasonable detail, for the claim;" a "description of the injuries incurred;" and the "dollar amount of the claim, including any damages that have not yet been incurred but which are reasonably foreseeable." *Id*. § 301.7433-1(e)(2)(ii) - (iv). The taxpayer is further required to provide any "substantiating documentation"

3

supporting his claim.  *Id*.  A civil action in federal district court cannot be maintained until either the IRS rules on the claim, or six months passes without a decision by the IRS on a properly filed claim.  *Id*. § 301.7433-1(d)(i)-(ii).  Failure to comply with the this regulation deprives the federal district court of jurisdiction.  *See Venen v. United States*, 38 F.3d 100, 103 (3d Cir. 1994); *McGuirl v. United States*, 360 F.Supp. 2d 125, 128 (D.D.C. 2004).

In his complaint, plaintiff does no more than assert that he "may forego exhausting administrative remedies that are either futile or inadequate . . . or when agency action exceeds statutory authorization."  (Compl. ¶ 6.)  Regardless of whether this conclusory statement is correct, plaintiff fails to allege any facts that demonstrate futility or that the agency has exceeded its statutory authorization.  *See Cooper v. United States*, No. 05-1192, Order at 3 n.2 (D.D.C. Dec. 8, 2005) (recognizing, in a virtually identical case ultimately dismissed for lack of venue, that plaintiff's failure to allege sufficient facts in support or to establish exhaustion doomed his § 7433 claim).   Plaintiff alleges that he has " exhausted administrative remedies in that [he has] written numerous requests for documents and authorities which require responses from the IRS," and that the "IRS has failed and/or refused to respond or has responded with frivolous responses."  (Compl. ¶ 9.)  The government asserts in its Motion to Dismiss, however, that plaintiff has not filed a written claim in accordance with the terms of 26 C.F.R. § 301.7433-1(e).  (Def.'s Mot. at 5.)  Despite the Court's explicit instructions to explain how he has exhausted his administrative remedies and provide "all documentation reflecting the filing of a claim as described" by the regulations, Jan. 30 Order at 1, plaintiff's response to defendant's motion provides no additional detail beyond that included in the complaint.

Rather, plaintiff contends that the government knowingly misrepresented the law regarding exhaustion such that the Court should impose sanctions under Fed. R. Civ. P. 11, and that the IRS has failed to provide plaintiff with a "summary record of assessment" as required by the regulations promulgated under 26 U.S.C. § 6203. (Pl.'s Opp. at 2-3, 5.)  Neither argument has merit.  With respect to the first, the Court can discern no misrepresentation on the part of the government regarding the exhaustion requirement, much less one that would mandate sanctions. Moreover, even if plaintiff had grounds for a Rule 11 motion, which he does not, the Court would still deny the motion because plaintiff failed to comply with Rule 11's 21-day notice requirement before filing.  Fed. R. Civ. P. 11.  Second, plaintiff's assertions regarding the IRS's obligations under § 6203 are completely irrelevant to the question of whether plaintiff has complied with the exhaustion requirement found in § 7433.  In the absence of even an assertion by plaintiff, much less any corroborating evidence, that he has complied with the statutory exhaustion requirement, the Court has no choice but to find that 26 U.S.C. § 7433(d)(1) deprives it of subject matter jurisdiction over plaintiff's claim.

Accordingly, it is hereby **ORDERED** that defendant's Motion to Dismiss [#8] is **GRANTED**, plaintiff's Motion for Sanctions [#12] is **DENIED**, and the above-captioned complaint is dismissed without prejudice.

                                                                           s/
                                          ELLEN SEGAL HUVELLE
                                          United States District Judge

DATE:      February 27, 2006