UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILLIAM HENRY, Jr.,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES,<br><br>    Defendant. | Civil Action No. 05-2084 (ESH) |

ORDER

Plaintiff William Henry, Jr.'s suit for damages against the United States alleging violations of the Internal Revenue Code by agents of the Internal Revenue Service ("IRS") in the assessment and collection of taxes from him was dismissed without prejudice by the Court on February 27, 2006 for failure to exhaust administrative remedies. *Henry v. United States*, Civ. No. 05-2084 (D.D.C. Feb. 27, 2006). On May 2, 2006, Henry filed a Motion for Reconsideration ("Pl.'s Mot.") without specifying whether the motion was brought under Fed. R. Civ. P. 59 or 60. Having exceeded the time to file a Motion to Alter or Amend Judgment under Rule 59(e), however, the Court will consider the motion under Rule 60. *Hoai v. Vo*, 935 F.2d 308, 312 n.3 (D.C. Cir. 1991).

Rule 60(b) provides six bases for relief from judgment, none of which are specifically cited by plaintiff as grounds for reconsideration. The basis for plaintiff's motion, however, is a legal argument as to why the Court should not apply the administrative exhaustion requirement to him. (Pl.'s Mot. at 2.) Therefore, the Court will interpret plaintiff's motion as one under Rule

60(b)(1), which permits relief from judgement based on "mistake, inadvertence, surprise, or excusable neglect," Fed. R. Civ. P. 60(b)(1), including a mistake of law. "[A] mistake of law cannot be reached under Rule 60(b)(1) where . . . no notice of appeal was timely filed from the order in which the mistake is alleged to have occurred and the time for filing such a notice of appeal had expired when the Rule 60(b) motion was filed." *Orner v. Shalala*, 30 F.3d 1307, 1309 (10th Cir. 1994); *see also Brown v. Reich*, No. 96-5038, 1997 WL 68320, at *1 (D.C. Cir. Jan. 15, 1997).[1]  No notice of appeal has been filed in this case.  As noted above, the Court's Order dismissing Henry's case was issued on February 27, 2006 and Henry's Motion for Reconsideration was not filed until May 2, 2006, well in excess of the 30 days permitted to notice an appeal.  Fed. R. App. P. 4(a)(1).

Accordingly, it is hereby **ORDERED** that plaintiff's Motion for Reconsideration of Dismissal On Grounds of Failure to Exhaust Administrative Remedies [#18] is **DENIED**.

                                                         s/
                                              ELLEN SEGAL HUVELLE
                                              United States District Judge

DATE:   May 8, 2006

---

[1]  Even if the Court were to consider the motion on the merits, plaintiff has failed to demonstrate any mistake of law warranting reconsideration.  The Internal Revenue Code explicitly requires administrative exhaustion before bringing a suit for damages in federal court. *See* 26 U.S.C. § 7433(d)(1).  Moreover, even were the statute ambiguous, requiring exhaustion remains within the Court's discretion.  *See Boivin v. U.S. Airways*, --- F.3d ---, 2006 WL 1147746 (D.C. Cir. 2006) (explaining that " 'where Congress has not clearly required exhaustion, sound judicial discretion governs.' " (quoting *McCarthy v. Madigan*, 503 U.S. 140, 144 (1992))).