IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| WILLIAM HENRY | ) | |
| | ) | |
| Plaintiff, | ) | No. 1:05-cv-02084 (ESH) |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

## UNITED STATES' OPPOSITION TO
## PLAINTIFF'S MOTION FOR RECONSIDERATION

Plaintiff seeks reconsideration of the Court's order granting the United States'
motion to dismiss and denying his motion for sanctions.  Plaintiff has not met the
requirements for such relief.

## STATEMENT

This is a civil action in which plaintiff alleges that the Internal Revenue Service
(IRS) disregarded various provisions of the Internal Revenue Code.  Plaintiff sought
damages for alleged "wrongful collection," and sanctions. The United States moved to
dismiss plaintiff's complaint because plaintiff failed to establish that he exhausted his
administrative remedies as required by 26 U.S.C. § 7433, and opposed the motion for
sanctions.  On February 27, 2006, the Court granted the United States' motion to dismiss
and denied plaintiff's motion for sanctions.  In dismissing the case, the Court found that
plaintiff had not exhausted his administrative remedies.

Plaintiff filed this motion for reconsideration on May 2, 2006, asserting an

1685456.1

exception to the exhaustion requirement: where the IRS has articulated a clear position it is unwilling to consider.  Plaintiff asserts that the IRS has taken such a position.

### Plaintiff Has Not Met the Requirements For Reconsideration

Plaintiff has not identified which provision of the federal rules he relies upon as the foundation of his motion for reconsideration.  The general rule, however, is that a motion for reconsideration is treated as a rule 59(e) motion if filed within 10 days of the entry of the order, and a rule 60(b) motion if filed thereafter.  United States v. Pollard, 209 F.Supp.2d 153, 156 (D.D.C. 2003) (citing United Sates v. Clark, 984 F.2d 31, 32 (2d Cir. 1993)).  Under rule 59(e) a party may move to alter or amend a judgment.  Fed.R.Civ.P. 59(e).  Here, the Court entered judgment on February 27, 2006, and plaintiff did not serve his motion until May 2, 2006.  Thus, plaintiff's motion is clearly untimely under Fed.R.Civ.P. 59(e), and can be considered only under rule 60(b).

Rule 60(b) provides that the Court has discretion to relieve a party  from an otherwise final judgment in six circumstances: 1) mistake, inadvertence, surprise, or excusable neglect; 2) newly discovered evidence; 3) fraud or other misconduct by an adverse party; 4) the judgment is void; 5) the judgment has been satisfied, released, or discharged; and 6) "any other reason justifying relief from the operation of the judgment."   Fed.R.Civ.P. 60(b) (1)-(6).  Plaintiff's reason, i.e., that he does not have to exhaust his administrative remedies, clearly does not implicate circumstances (1) - (5) of the rule.  Accordingly, plaintiff must rely upon 60(b)(6) for relief.

Relief under rule 12(b)(6) "should be only sparingly used."  Pollard, 290 F.Supp.

2d at 157.   Such relief is "reserved for 'extraordinary circumstances.'" <u>Pigford v.</u>

<u>Veneman</u>, 307 F.Supp. 43, 48 (D.D.C. 2004) (citing <u>Goland v. CIA</u>, 607 F.2d 339, 372-73

(D.C. Cir. 1978)).   "Relief under Rule 60(b)(6) is only allowed '[w]hen a party timely

presents a previously undisclosed fact so central to the litigation that it shows the initial

judgment to have been manifestly unjust.'" <u>Pollard</u>, 290 F.Supp.2d at 157 (quoting <u>Good</u>

<u>Luck Nursing Home, Inc. v. Harris</u>, 636 F.2d 572, 577 (D.C. Cir. 1980)).

    Here, plaintiff, relying on <u>Randolph-Sheppard Vendors of Am. v. Weinberger</u>,

795 F.2d 90 (D.C. Cir. 1986), asserts that there is an exception to the requirement to

exhaust administrative remedies.   (Pl. Mot. at 1-2.)   He asserts that the IRS has

articulated a clear position it is unwilling to consider.   (<u>Id</u>.)   Plaintiff's assertion of this

legal argument fails to meet the requirements of rule 60(b)(6) for at least two reasons.

First, use of rule 60(b)(6) should not be used to correct substantive legal errors.   <u>See</u>

<u>Pollard</u>, 290 F.Supp. at 157.   Plaintiff apparently is arguing that the Court erred in

failing to apply the exhaustion "exception" to his case.   Second, plaintiff fails to assert

that he attempted compliance with the regulation by submitting a valid administrative

claim, thus the IRS has not articulated a clear position that it will not consider his

administrative claim for damages.   Therefore, plaintiff has failed to demonstrate that he

could come within the ambit of the "exception."   Plaintiff's assertion of this "exception"

(which he could have made earlier) does not constitute the"extraordinary

circumstances" that would justify relief under rule 60(b)(6); nor is it a "previously

undisclosed fact that would render the judgment manifestly unjust." <u>See id</u>.   Thus,

1685456.1

plaintiff is not entitled to reconsideration of the Court's order granting the United

States' motion to dismiss, and denying his motion for sanctions.

CONCLUSION

This Court should deny plaintiff's motion for reconsideration.  Plaintiff's motion

is untimely under Fed.R.Civ.P. 59(e), and plaintiff has failed to show that he is entitled

to relief under Fed.R.Civ.P.60(b).


DATE: May 9, 2006.                    Respectfully submitted,

                                      /s/ Pat S. Genis_____
                                      PAT S. GENIS, #664266
                                      Trial Attorney, Tax Division
                                      U.S. Department of Justice
                                      Post Office Box 227
                                      Washington, DC  20044
                                      Phone: (202) 307-6390


OF COUNSEL:
KENNETH L. WAINSTEIN
United States Attorney


1685456.1

CERTIFICATE OF SERVICE

IT IS CERTIFIED that the foregoing UNITED STATES' OPPOSITION TO

PLAINTIFF'S MOTION FOR RECONSIDERATION was served upon plaintiff *pro se* on

May 9, 2006 by depositing a copy in the United States' mail, postage prepaid, addressed

as follows:

   William Henry, Jr.
   Plaintiff *pro se*
   15707 Griggs
   Detroit, MI 48238


       /s/ Pat S. Genis
       PAT S. GENIS #446244

1685456.1